IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,        :
     Appellant    :
              :
   v.          : No. 325 C.D. 2017
              : Submitted:  October 20, 2017
Unit Manager Perry, et al.    :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI     FILED:  November 15, 2017


    David V. Jordan (Jordan) appeals the order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch (trial court) sustaining Unit Manager David Perry (Unit Manager Perry) and Corrections Officer Bundy's[1] (Officer Bundy) (together, Prison Employees) preliminary objections in the nature of a demurrer because his amended complaint failed to plead a cause of action alleging that Prison Employees were deliberately indifferent to his pain and, therefore, liable under 42 U.S.C. § 1983.[2]  For the following reasons, we reverse and remand.

---

[1] There is no reference in the record as to Officer Bundy's first name.

[2] 42 U.S.C. § 1983 created an action for deprivation of federal rights by persons acting under the color of state law.  To state a claim under Section 1983, a plaintiff must (1) allege a
**(Footnote continued on next page…)**

**I.**

Jordan is an inmate who was formerly incarcerated at the State Correctional Institution at Forest (SCI-Forest) where all the matters alleged in his amended complaint[3] took place[4] and where Prison Employees are employed. Jordan alleges that he suffers from pain in his left leg due to a gunshot wound and Prison Employees did not assign him a bottom bunk despite a prison doctor's medical instructions that he sleep on the bottom bunk in his cell.

Specifically, he alleged that Unit Manager Perry was responsible for bed assignments, that both Prison Employees were assigned to his block-housing unit, and that both Prison Employees were acting under "color of state law." (Record (R.) at No. 28, Amended Complaint at 2.) He also alleged that Prison Employees were "responsible for the care, custody or control of any or all inmates housed [in the housing unit]." (*Id.*) Jordan alleged that his doctor contacted the nurse supervisor at SCI-Forest and directed him to "contact the housing unit and

---

**(continued…)**

violation of rights secured by the United States Constitution and/or the laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *Anelli v. Arrowhead Lakes Community Association, Inc.*, 689 A.2d 357 (Pa. Cmwlth. 1997).

[3] Jordan originally filed a petition for review with this Court in which he made the same allegation that Prison Employees wrongfully ordered him to sleep on a top bunk despite a doctor's orders to put him on a bottom bunk. We transferred the matter to the trial court due to the lack of original jurisdiction. Jordan later filed the amended complaint that is the subject of this appeal.

[4] Jordan is presently incarcerated at SCI-Fayette.

tell them [Jordan] is not allowed to be on a top bunk." (*Id.* at 4.) Furthermore, Jordan stated that he:

> [R]aised the fact that he is "bottom bunk status" to [Prison Employees], but they both refused to do anything about it, despite [the fact] that [Jordan's] order by a [d]octor for a bottom bunk was foreseeable [sic] via computer, medical and housing unit files.

(*Id.* at 4-5.) Jordan alleged that Prison Employees knew of his request and his condition and intentionally kept him on the top bunk despite these facts. Finally, Jordan alleged that Prison Employees' refusal to grant his request to be placed on the bottom bunk constitutes deliberate indifference to his medical needs in violation of his rights under the Eighth Amendment to the United States Constitution.[5] He seeks both compensatory and punitive damages.[6]

Prison Employees then filed preliminary objections arguing, among other things not relevant here, that Jordan failed to state a claim upon which relief could be granted. The trial court sustained Prison Employees' preliminary objections and dismissed Jordan's amended complaint, agreeing with Prison Employees that Jordan's alleged injuries resulting from his assignment to the top bunk were *de minimis* and did not rise to the level of a serious medical need.

---

[5] U.S. Const. amend. VIII provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[6] Jordan also requested injunctive relief in his amended complaint. However, this is now moot because Jordan no longer resides at SCI-Forest and is no longer subject to Prison Employees' care.

Furthermore, the trial court found, based on the facts averred in the amended complaint and Prison Employees' preliminary objections, that Prison Employees did not act intentionally with respect to Jordan's incorrect bunk assignment. This appeal followed.

**II.**

The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. In *Estelle v. Gamble*, the United States Supreme Court found that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This is true whether the indifference is by "prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05.

In order to state a claim, a prisoner must allege facts or omissions sufficiently harmful to show deliberate indifference to serious medical needs. *Id.* at 106. A defendant exhibits deliberate indifference if he (i) knows of and disregards an excessive risk to the inmate's health or safety; (ii) was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) draws the inference. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1039 (Pa. Cmwlth. 2014).

With respect to the second prong of the standard, a "serious medical need" exists if a prison official's act or omission results in "the denial of 'the

4

minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). When determining whether the medical need of an inmate is sufficiently serious, courts rely on certain factors. These factors include whether the medical need is one that: (i) has been diagnosed by a physician as requiring treatment; (ii) is so obvious that a lay person would easily recognize the necessity for a doctor's attention; (iii) where denial or delay of treatment causes the inmate to suffer a life-long handicap or permanent loss; (iv) where denial or delay of treatment results in unnecessary and wanton infliction of pain; (v) significantly affects an individual's daily activities; or (vi) causes chronic and substantial pain. *Tindell*, 87 A.3d at 1038-39.

The question before us is whether Jordan pled sufficient facts that, if proven, would satisfy the elements necessary to state a cognizable claim for deliberate indifference under the Eighth Amendment. An appellate court can only sustain a demurrer where "the complaint is clearly insufficient to establish the pleader's right to relief." *County of Allegheny v. Commonwealth*, 490 A.2d 402, 408 (Pa. 1985). If the facts as pled state a claim for which relief may be granted, then there is sufficient doubt to require an appellate court to reject the preliminary objections in the nature of a demurrer. *Id.*

Prison Employees argue that Jordan did not make out a claim of deliberate indifference resulting in an Eighth Amendment violation because the reason they did not follow the medical direction to assign Jordan to the bottom bunk was due to an oversight on the part of the prison staff. They contend that Jordan's amended complaint is insufficient to make out a claim of deliberate

indifference because the "indifference" must be intentional. They also contend that Jordan was only assigned to the top bunk for approximately 41 days. They further argue that the temporary nature of his assignment to the top bunk rendered any harm *de minimis* and, therefore, does not rise to the level of an Eighth Amendment violation. However, even if Prison Employees are correct, nowhere in the record is there anything to support their allegation that Jordan's assignment to a top bunk was an oversight or that he was only assigned to the top bunk for 41 days.

In Jordan's amended complaint, he alleges that he informed both Prison Employees that a prison doctor ordered that he be placed on a bottom bunk because of his leg condition. He further alleges that both Prison Employees refused to place him on the bottom bunk despite this request and, as a result, he suffered continued pain in his left leg. Chronic and substantial pain may rise to the level of a serious medical need under a deliberate indifference analysis. *Tindell*, 87 A.3d at 1039.

Based on these allegations, Jordan sufficiently pled that both Prison Employees were aware of the pain in his leg and his request to be placed on the bottom bunk and the doctor's order regarding his bunk placement. He, therefore, satisfied the first prong of deliberate indifference. Jordan also alleged that Prison Employees' refusal to carry out medical orders caused him to continue to experience pain in his left leg, thus satisfying the second prong of deliberate indifference. Accordingly, Jordan sufficiently pled facts that, if proven, would satisfy the elements of a claim for deliberate indifference under Section 1983 and the Eighth Amendment and, therefore, the demurrer cannot be sustained.

For the reasons above, we reverse the trial court decision sustaining Prison Employees' preliminary objections in the form of a demurrer and dismissing Jordan's amended complaint.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,                        :
                    Appellant          :
                                       :
        v.                             : No. 325 C.D. 2017
                                       :
Unit Manager Perry, et al.             :

# **O R D E R**

AND NOW, this 15th day of November, 2017, the January 20, 2017 order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch in the above-captioned matter is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge